UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Marilyn Brill,<br><br>     Plaintiff,<br>vs.<br><br>Metropolitan Life Insurance Company,<br><br>     Defendants. | Case No. 17-cv-1318<br><br>**COMPLAINT** |

Plaintiff, for her Complaint against Defendants, states and alleges:

1. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f) of the Employee Retirement Income Security Act of 1974 ("ERISA") over this claim for disability benefits under a plan governed by ERISA, 29 U.S.C. § 1001 *et seq*.

2. Venue is proper in this district pursuant to 29 U.S.C. § 1132 (e)(2)[1], because Metropolitan Life Insurance Company may be found in this district. In particular, Metropolitan Life Insurance Company is registered as a corporation with the State of Minnesota, conducts ongoing business with Minnesota

---

[1] 29 U.S.C. § 1132 (e)(2) states "Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district … where a defendant resides or may be found…"

residents, employs Minnesota residents, has extensive contacts within Minnesota, and accordingly is found within Minnesota.

3. On information and belief, Defendant sponsored and administered the employee benefit plan ("Plan") that Metropolitan Washington Airports Authority created and maintains to provide its employees with income protection should they become disabled.

4. On information and belief, Defendant Metropolitan Life Insurance Company is a corporation organized and existing under the laws of the State of New York, and is the insurer and claims administrator for the Plan.

5. Plaintiff is a resident and citizen of the United States, an employee of Metropolitan Washington Airports Authority and a participant in the Plan.

6. As set forth in 29 U.S.C. § 1133 of the ERISA statute, the Plan provides a mechanism for administrative appeals of benefit denials. Plaintiff has exhausted all such appeals.

7. On information and belief, Plaintiff was covered at all relevant times under group disability policy number 120695-1-G which was issued by Metropolitan Life Insurance Company to Metropolitan Washington Airports Authority to insure the participants of the Plan. A copy of the policy is attached as Exhibit A.

8. On information and belief, Metropolitan Life Insurance Company both funds the Plan and decides whether participants will receive benefits under the Plan. Accordingly, Metropolitan Life Insurance Company has a conflict of interest, which must be considered when determining whether its denial of Plaintiff's benefits was proper.[2]

9. Metropolitan Life Insurance Company's interest in protecting its own assets influenced its decision to deny Plaintiff's application for disability benefits.

10. The Plan is an ERISA welfare benefit plan.

11. Under the Plan, a participant who meets the definition of "disabled" is entitled to disability benefits paid out of the Plan assets.

12. Plaintiff became disabled under the terms of the Plan's policy on or about August 7, 2015 and continues to be disabled as defined by the Plan. Accordingly, Plaintiff is entitled to benefits under the terms of the Plan.

13. Plaintiff submitted a timely claim to Metropolitan Life Insurance Company for disability benefits.

---

[2] "[A]n entity that is both the claims administrator and payor of benefits has a conflict of interest." *Jones v. Mountaire Corp. Long Term Disability Plan*, 542 F. 3d 234, 240 (8th Cir. 2008). Moreover, as the Supreme Court has held, "that conflict ***must be weighed as a factor*** in determining whether there is an abuse of discretion." *Metro. Life Ins. Co. v. Glenn*, 128 S. Ct. 2343, 2348 (2008) (emphasis added).

14. Metropolitan Life Insurance Company granted Plaintiff's claim for disability benefits, and paid Plaintiff benefits until January 3, 2017. On this date, Metropolitan Life Insurance Company cancelled Plaintiff's disability benefits. Plaintiff appealed Metropolitan Life Insurance Company's decision, but Metropolitan Life Insurance Company denied Plaintiff's appeal on April 5, 2017.

15. Plaintiff provided Metropolitan Life Insurance Company with substantial medical evidence demonstrating she was eligible for disability benefits.

16. Metropolitan Life Insurance Company's decision to deny disability benefits was arbitrary, capricious, unreasonable, irrational, wrongful, contrary to the terms of the Plan, contrary to the evidence and contrary to law, as demonstrated by the following non-exhaustive examples:

   a. Metropolitan Life Insurance Company failed to have Plaintiff independently examined, and instead relied on the opinion of a medical professional who merely reviewed Plaintiff's medical records and rejected the opinion of Plaintiff's treating physician;

   b. Metropolitan Life Insurance Company relied on the opinion of a medical professional who was financially biased by his relationship and as such unable to offer an unbiased opinion;

    c. Metropolitan Life Insurance Company relied on the opinion of a medical professional that was not supported by substantial evidence in the claim file, and was inconsistent with the overall evidence in the record;

    d. Metropolitan Life Insurance Company ignored medical evidence and took selective evidence out of context as a means to deny Plaintiff's claim;

    e. Metropolitan Life Insurance Company conducted an erroneous vocational review, misrepresented the Plaintiff's occupation, and failed to provide requested documentation to Plaintiff's counsel prior to rendering a final decision.

17. Metropolitan Life Insurance Company abused its discretion in denying Plaintiff's claim.

18. The decision to deny benefits was wrong under the terms of the Plan.

19. Metropolitan Life Insurance Company's failure to provide benefits due under the Plan constitutes a breach of the Plan.

20. Metropolitan Life Insurance Company's failure to provide Plaintiff with disability benefits has caused Plaintiff to be deprived of those benefits from January 4, 2017 to the present. Plaintiff will continue to be deprived of

those benefits, and accordingly will continue to suffer future damages in an amount to be determined.

21. Metropolitan Life Insurance Company's denial of benefits under the Plan has caused Plaintiff to incur attorneys' fees and costs to pursue this action. Pursuant to 29 U.S.C. § 1132(g)(1), Defendants should pay these costs and fees.

22. A dispute now exists between the parties over whether Plaintiff meets the definition of "disabled" under the terms of the Plan. Plaintiff requests that the Court declare she fulfills the Plan's definition of "disabled," and is accordingly entitled to all benefits available under the Plan. Plaintiff further requests reimbursement of all expenses and premiums she paid for benefits under the Plan from the time of termination of benefits to the present. In the alternative of the aforementioned relief, Plaintiff requests that the Court remand and instruct Metropolitan Life Insurance Company to adjudicate Plaintiff's claim in a manner consistent with the terms of the Plan.

WHEREFORE, Plaintiff respectfully requests the following relief against Defendant:

1. A finding in favor of Plaintiff against Defendant;

2. Pursuant to 29 U.S.C. § 1132(a)(1)(B), damages in the amount equal to the disability income benefits to which Plaintiff is entitled through the date of judgment;

3. Prejudgment and postjudgment interest, calculated from each payment's original due date through the date of actual payment;

4. Any Plan benefits beyond disability benefits that Plaintiff is entitled to while receiving disability benefits;

5. Reimbursement of all expenses and premiums Plaintiff paid for benefits under the Plan from the time of termination of benefits to the present.

6. A declaration that Plaintiff is entitled to ongoing benefits under the Plan so as long as Plaintiff remains disabled under the terms of the Plan;

7. Reasonable costs and attorneys' fees incurred in this action;

8. Any other legal or equitable relief the Court deems appropriate.

Dated:  April 21, 2017                    **OPERANA LAW OFFICE**

s/Brandon Operana
Brandon Operana (Reg. # 0397196)
Operana Law Office, PLLC
301 4th Avenue South, Suite 272N-M
Minneapolis, MN 55415
Telephone: (612) 568-8607
Fax: (800) 650-9332
Email: brandon@operanalaw.com

**ATTORNEYS FOR PLAINTIFF**